**RELIANCE FEED & GRAIN CO., Inc. v. SHAUGHNESSEY, Collector of Internal Revenue.**

Civil Action No. 3117.

United States District Court
N. D. New York.

Feb. 4, 1949.

Keenan, Harrison & Coughlin, Binghamton, N.Y. (George C. Coughlin, Binghamton, N.Y., of counsel), for plaintiff.

Irving J. Higbee, United States Attorney, Syracuse, N.Y. (John P. Wenchell, Special Asst. to Attorney General, Edmund Port, Syracuse, N.Y., of counsel), for defendant.

BRENNAN, Chief Judge.

Findings of Fact.

1. This action is based upon the provision of the Internal Revenue Code of the United States, and is brought to recover a money judgment on account of:

(a), the unlawful assessment of a penalty imposed by the defendant because of the failure of the plaintiff to file timely a personal holding company surtax return for the year 1943, which penalty was paid by the plaintiff; and

(b), the failure of the defendant to allow to the plaintiff taxpayer a credit in the computation of its personal holding company tax for the year 1943, in the amount of $710.80, being the amount of the plaintiff's federal income tax accrued during the year 1943.

2. That it was agreed by the parties that the issues arising by reason of the imposition of the penalty by the defendant, as above set forth, be tried by a jury, and after a trial of said issues the jury found a verdict in favor of the plainiff and against the defendant in the amount of $1171.88, with interest according to law.

3. That it was agreed by the parties to this action that there were no issues of fact arising relative to the contention of the plaintiff that the defendant failed to allow the plaintiff a credit in the amount of the federal income tax accrued in 1943, as above set forth, and that issue should be decided by the Court as a matter of law.

4. That there accrued during the year 1943, a federal income tax payable by the plaintiff in the amount of $710.80, which the defendant failed to allow to the plaintiff as a credit or deduction from the personal holding company's surtax assessed by the defendant against the plaintiff, and which personal holding company surtax was paid by the plaintiff, together with assessed interest.

5. That on February 14, 1943, personal holding company surtax deficiency, penalty and interest in the aggregate amount of $6635.69 were assessed against the plaintiff, which amount was paid by the plaintiff to the defendant as follows: $5890.22 on March 5, 1947, and $746.47 by credit on March 24, 1947, for over-assessment of income tax for the year 1943.

6. That the failure of the plaintiff to file a personal holding company surtax return for the year 1943 within the time prescribed by law was due to reasonable cause and not due to willful neglect.

Conclusions of Law.

1. That the Court has jurisdiction over the parties to and the subject matter of this litigation.

2. That the plaintiff is entitled to recover from the defendant the sums of $604.18 and $100.19, being the amounts over-assessed and paid as personal holding com-

pany surtax and interest, together with interest thereon according to law upon the authority of Commissioner of Internal Revenue v. Clarion Oil Co., 80 U.S.App. D.C., 41, 148 F.2d 671.

3. That a judgment in favor of the plaintiff and against the defendant may be entered, which judgment shall recite the verdict of the jury in favor of the plaintiff and against defendant, together with the finding of this Court as to the item of credit above referred to, making a total judgment in the amount of $1876.25, with interest thereon according to law.

4. That judgment is directed accordingly.