ARAMO–STIFTUNG v. COMMISSIONER OF INTERNAL REVENUE.
No. 48, Docket 21033.

United States Court of Appeals Second Circuit.
March 10, 1949.

Monroe Collenburg, of New York City (Hardin, Hess & Eder, of New York City, of counsel), for petitioner.

Theron Lamar Caudle, of Washington, D. C. (Ellis N. Slack, Helen Goodner, and Louise Foster, all of Washington, D. C., of counsel), for the Commissioner.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

There are two questions presented by this appeal. The first is whether certain dividends received by brokerage houses during the tax years 1940-1943 were constructively received by, and thus taxable to, the petitioner in those years. The second (which we reach only because we agree with the Tax Court that the first question must be answered "yes") is whether the petitioner may deduct, in determining its income subject to personal holding company surtax for each of those years, income taxes accrued but not paid during that year.

The facts are fully stated in the opinion of the Tax Court, 9 T.C. 947. For the purposes of this opinion, the following is a sufficient summary:

The petitioner, Aramo-Stiftung, is a foundation organized under the laws of the principality of Leichtenstein. During the years in question it was the beneficial owner of certain stocks issued by American corporations. The securities, registered in the names of the brokers or their nominees, were kept in a safe deposit box rented by the Oak Commercial Corporation, a New

York corporation organized, so far as appears, solely for the purpose of acting as custodian of the securities.

Dividends were paid by the issuing corporations to the brokers as registered owners, and the brokers retained them as unclaimed funds. In July, 1945, petitioner advised the brokers that it was the owner of the securities, requested them to pay the income taxes due for the years 1940 through 1945, and asked them to transfer the balance to accounts in petitioner's name. All of the brokers refused, asking more satisfactory evidence of petitioner's ownership of the securities and, in some cases, requesting guarantees against possible conflicting claims and stating that a Treasury license would be necessary.

The Commissioner determined that petitioner was subject to federal income tax, personal holding company surtax, and penalties on the dividends, on the theory that the petitioner had constructively received them. The doctrine of constructive receipt applies where income is "credited or set apart to the taxpayer without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that it may be drawn at any time and its receipt kept within his own control and disposition." Reg. 111, § 29.42-2. These dividends were immediately available to petitioner upon its proof of ownership, its obtaining the appropriate license, and in some cases its presenting requested guarantees. There is no evidence that petitioner could not have complied with these requirements if it had attempted to do so, or that there were any conflicting claims to the dividends. In other words, we agree that petitioner constructively received the dividends, for nothing in the record indicates that there was any "substantial limitation or restriction" on its right to get actual possession of them at any time it chose really to go after them.

In computing the personal holding company surtax the Tax Court refused to permit deduction of the income taxes accrued in each of the years. The statutory definition of net income for personal holding company surtax purposes allows de-

duction of "Federal income * * * taxes paid or accrued during the taxable year * * *." 26 U.S.C.A. § 505(a) (1). As these income taxes were accrued during the year, they would appear to be deductible. But the Commissioner argues that "paid or accrued" means that the taxes can be deducted only when "paid" if the taxpayer, as here, uses the cash receipts accounting method, and deducted when "accrued" only if it uses the accrual method. The Court of Appeals for the District of Columbia has rejected that argument, Commissioner v. Clarion Oil Company, 80 U.S.App.D.C. 41, 148 F.2d 671, and we agree with it. As that court said, the personal holding company surtax scheme "as a whole contemplates the application of the penalty tax solely to the income transactions of a single tax year, and it is income remaining after dividend disbursements and tax payments *for the taxable year* which is attacked by this surtax." 148 F.2d 676. Petitioner's personal holding company surtax liability should be recomputed to allow deduction of personal income taxes which accrued during the years here in question.

Affirmed as modified.