JOAN CAROL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20725. Promulgated July 15, 1949.

*Jay O. Kramer, Esq.*, for the petitioner.
*John J. Madden, Esq.*, for the respondent.

#### OPINION.

DISNEY, *Judge*: This case involves personal holding company surtax liability for the fiscal year ended May 31, 1946. Deficiency was determined in the amount of $17,813.58. The sole question presented is whether the taxpayer, upon the cash basis, may, in computing its subchapter A net income, deduct Federal income taxes accrued for the taxable year but not paid in that year. The petitioner filed its return for the taxable year with the collector for the second district of New York.

All facts have been stipulated, as follows:

(a) Petitioner is a corporation organized under the laws of the State of New York filing its tax returns on a cash receipts and disbursements basis.

(b) Petitioner is a personal holding company within the meaning of Section 500 of the Internal Revenue Code.

(c) Petitioner in computing its Subchapter A net income for the fiscal year ended May 31, 1946 deducted the amount of its income tax shown on its Federal income tax return (Form 1120) for such year in the amount of $49,236.01.

(d) Petitioner in computing its undistributed Subchapter A net income since its inception on June 4, 1943 made the following deductions for Federal income, war profits and excess profits taxes:

| Year | Federal income tax per 1120 | Federal income tax deducted Form 1120H |
|---|---|---|
| Fiscal period June 4, 1943 to May 31, 1944 | $18,066.93 | none |
| Fiscal year ended May 31, 1945 | 17,810.98 | $17,810.98 |
| Fiscal year ended May 31, 1946 | 49,236.01 | 49,236.01 |

The Commissioner, in the notice of deficiency, explained the adjustments as follows:

(a) Inasmuch as your return is filed on the cash receipts and disbursements basis, it is held that the allowable deduction for Federal income taxes, in the determination of Subchapter A net income, is the Federal income tax paid in the fiscal year ending May 31, 1946 or $17,810.98. * * *

The petitioner for the fiscal year ended May 31, 1945, accrued its Federal income tax for that year in computing its subchapter A net income. It has continued since the fiscal year ended May 31, 1946, to accrue and deduct the Federal income tax for a given year in computing its subchapter A net income.

This question was before us in *M. W. Alworth*, 38 B. T. A. 656, and we there held that a personal holding company upon a cash basis is entitled to a credit of only the amount of tax paid within the year in computing adjusted net income under section 351, Revenue Act of 1934. We held the same in *Clarion Oil Co.*, 1 T. C. 751. The United States Court of Appeals for the District of Columbia reversed, in *Commissioner* v. *Clarion Oil Co.*, 148 Fed. (2d) 671; certiorari denied, 325 U. S. 881, and held that the company should be permitted to deduct taxes either paid or accrued for that year in determining its subchapter A net income. In *Aramo-Stiftung* v. *Commissioner*, 172 Fed. (2d) 896, the Circuit Court of Appeals for the Second Circuit followed *Commissioner* v. *Clarion Oil Co.*, *supra*, on this question and held that the petitioner's holding company surtax liability should be computed by allowing deduction of income taxes which accrued, during the years in question, but were not paid in such years, the taxpayer being upon the cash receipts accounting method. The Solicitor General has announced that no petition for certiorari will be filed in that case.

We have studied this question at length, and with all respect we are unable to follow the conclusion reached in *Commissioner* v. *Clarion Oil Co., supra*, and followed in *Aramo-Stiftung* v. *Commissioner, supra.* In the *Clarion Oil* case the court took the view, in effect, that the statutory definition of "paid or accrued" is applicable to determination of net income and is not relevant in the determination of the amount taxable as undistributed income to a personal holding corporation and, therefore, that such a corporation in determining its undistributed income subject to surtax may deduct under section 505 (a) (1) Federal income taxes for a certain year though it is upon the cash basis and does not pay such taxes until the following year. In short, the court applied to the word "accrued," in connection with Federal income tax deductible for the purpose of determining subchapter A net income of a personal holding company, a broad and general meaning and declined to follow section 48 (c) of the Internal Revenue Code, which provides that "The terms * * * 'paid or accrued' shall be construed according to the method of accounting upon the basis of which the net income is computed * * *;" therefore allowed the petitioner, though on a cash basis, to deduct taxes which in the taxable year accrued to it in the broad sense because they were for the taxable year, though in fact they were not paid until the next year. The court took the view that the amount of income tax accrued but not yet paid was earmarked for payment of taxes and no longer represented undistributed income, taxed by section 351, Revenue Act of 1937. (Sec. 500 I. R. C.)

We shall attempt to set forth the various reasons which compel us respectfully to decline to agree with the above conclusions in the two cases named.

(1) In the *Clarion* case, since the court does not advert to the matter, its attention was apparently not called to the fact that the law of personal holding companies, in section 507, Internal Revenue Code, specifically and affirmatively provides: "The terms used in this subchapter [subchapter A of chapter 2] shall have the same meaning as when used in chapter 1"; also, that section 508, "Administrative Provisions," provides: "All provisions of law * * * applicable in respect of the taxes imposed by chapter 1, shall insofar as not inconsistent with this subchapter be applicable in respect of the tax imposed by this subchapter * * *." Therefore, though there can be found a more general meaning for "accrued," sections 507 and 508 preclude us from using it, and require us to use the definition "used in chapter 1"; therefore they require that, as section 48 (c) of chapter 1 says, " 'paid or accrued' shall be construed according to the method of accounting upon the basis of which the net income is computed * * *." In the face of the fact that Congress expressly applied to the law of

taxation of personal holding companies the definitions found in income tax law in chapter 1, we do not feel free to apply any other. Had Congress intended that other and different concepts be used in computing personal holding company surtax, it would not in our view have so carefully provided use of the terms used in the income tax chapter. The personal holding company law is not lengthy or complicated. It consists of eleven sections (three of which are procedural or involve matters foreign here), a little more than five pages. Yet two of the other eight sections provide for use of chapter 1 concepts, definitions, or provisions. We consider ourselves positively prohibited from using a construction of "taxes  *  *  *  accrued" broader or other than found in chapter 1. It constrains us to construe "accrued" and "paid" according to the method of accounting used. We can not disregard such a mandate.

Had Congress, in enacting the subchapter A for personal holding companies, intended to provide against, instead of for, the use of the ordinary statutory concept of "paid or accrued" as meaning according to accounting methods, it could have simply so stated. It did so in section 202 (a) of the Revenue Act of 1941, adding section 23 (c) (2) to the code. There it was provided under "Special Rules" that, in the case of the excess profits tax imposed by subchapter E of chapter 2:

The deduction shall be limited to the tax imposed *for* the taxable year, but any portion of such tax paid after the taxable year shall be considered as having been paid within the taxable year. [Italics ours. "For the year" is the basic idea of the court in the *Clarion* case.]

In short, when Congress decided that the deduction of subchapter E excess profits tax should be deductible "for" the taxable year, but that though paid after the year it should be considered paid *within* the year (which is the petitioner's view here and the court's view in the *Clarion* case as to income taxes deducted in computing personal holding company surtax), it specifically provided as a "special rule" that payment after the year should be regarded as for and within it. We see in this strong indication that a similar special provision should be regarded as necessary to give the effect sought by petitioner. Instead, Congress adopted the terms and provisions of chapter 1. The fact that the provision in section 202 (a), Revenue Act of 1941, was labeled a "special rule" indicates that in the view of Congress the common rule was not to deduct a tax "for the taxable year," (unless, of course, there was accrual basis) which means that regular accounting methods govern the deduction. This is indicated by the Senate Committee Report on section 202 of the Revenue Act of 1941 which says:

*  *  *  By providing that any excess-profits tax paid after the taxable year shall be deemed to have been paid within the taxable year, the same treatment is accorded to taxpayers on the cash basis as is accorded to taxpayers on the accrual basis.  *  *  *  [C. B. 1941-2, p. 495.]

This can only mean that Congress considered a special provision necessary to permit a cash basis taxpayer to deduct taxes in the same manner as one on an accrual basis. They provided no such "special rule" in the holding company law. They particularly provided, to the contrary, for the use of chapter 1 definitions. The special provision of the 1941 Act was repeated by section 105 (c) (2) of the Revenue Act of 1942.

(2) The *Clarion* case is essentially based upon the idea that the definition of "paid or accrued" as according to the method of accounting is "intended to apply to the method of computing *net income*" and is not relevant to personal holding company tax on "*undistributed income.*" But even subchapter A (of chapter 2), the holding company law, and the very part here involved, deals with "net income"; for "Subchapter A net income" is defined (section 505) as "net income with the following adjustments" including the additional deduction of "Federal income * * * taxes paid or accrued * * *," and then the surtax is imposed upon "undistributed subchapter A net income," defined as the subchapter A net income minus (*inter alia*) dividends paid and certain debt payments. So we see that "taxes paid or accrued" enters the computation of subchapter A net income, just as in chapter 1, that the "undistributed" taxed part is merely caused by failure to distribute dividends, etc., and that, the "meaning of terms used" and " all provisions of law * * * not inconsistent" being expressly imported from chapter 1 by the brief and precise provisions of subchapter A, the definition of "paid or accrued" as in accord with accounting methods used seems inescapable. Moreover, the meaning of "paid or accrued" has not been restricted to computing ordinary net income, as considered in the *Clarion* case. The amount distributable was the crux of *Helvering* v. *Alworth Trust*, 136 Fed. (2d) 812, for the question was whether, where a corporation was on a cash basis, taxes accrued but not paid until the next year should be deducted from the corporation's income in determining its profits available for distribution. It is clear that the question was not merely one of computing net income; yet the court held that "It was not the purpose of the Act to permit gross income actually received by the stockholder to be diminished by taxes neither accrued nor paid by the corporation in the taxable year, even though imposed upon the earnings of that year." It will be noted that the question was whether the corporation had earnings to the extent of the amount of the income tax imposed by the Government for the year although not accrued on the books of the corporation, and that the conclusion was, in substance, that, not having been paid by a taxpayer on a cash basis, the amount of such accrued taxes did not diminish earnings and profits and so could be paid out as dividends. It is obvious that the court

construed the words "paid or accrued" in accordance with the system of bookkeeping employed, and that, to a company on a cash basis, unpaid taxes, though in a broad sense accrued during the year for which laid, did not effect a distribution of that amount of money during the year of such accrual. We can not, therefore, agree with what in effect the *Clarion* case holds: That, even to one on a cash basis, Federal income tax imposed upon earnings for a certain taxable year is money distributed, so as not to be subject to the personal holding company surtax. In the *Alworth Trust* case the court held that, to a corporation on a cash basis, 1937 profits available for distribution as dividends could be diminished by Federal income tax for 1936 paid in 1937, but not by 1937 taxes payable and paid in 1938. So here we view only the taxes actually paid in 1946 as distributed so as to escape personal holding company surtax. The tax money was "earmarked" for tax payments in the *Alworth Trust* case the same as in *Clarion Oil Co.* Yet, for no purpose of merely computing net income, it was held to be still earnings and profits available for dividends.

The principle of the *Alworth* case appears in *Atlumor Manufacturing Co.*, 12 T. C. 949. We there considered, in determining equity invested capital under section 718, Internal Revenue Code, the matter of elimination of accrued income and excess profits taxes from earnings and profits. The taxpayer was on an accrual basis and, therefore, we held that such a taxpayer must eliminate from its earnings and profits as at the beginning of the taxable year its income and excess profits tax for the preceding year in determining its equity invested capital. In short, the taxpayer, having been on an accrual basis in the previous year, did not, at the beginning of the next year, the taxable year, have left in its earnings and profits the amount which it had accrued for taxes. The effect is that taxes accrued under the bookkeeping methods of the taxpayer are to be considered as distributed and no longer in earnings and profits. We consider the case as an affirmation of the principle (not involving mere computation of the net income) that taxes are to be considered paid or accrued according to the bookkeeping employed. The *Atlumor* case is in accordance with Regulations 112, section 35.718–2, as construed by I. T. 3720, 1945 C. B. 267.

In *Bancroft* v. *United States*, 49 Fed. Supp. 476, the Court of Claims considered the surtax on personal holding companies. The taxpayer in its return had stated that it was upon a cash basis. It wished to deduct, in determining its personal holding company surtax, income and excess profits taxes accrued for the taxable year—exactly as does the petitioner in this case. Apparently recognizing the weakness of its position, it proved that in fact it was, contrary to the statement in its return, keeping its books on an accrual basis and not on a cash basis. Decision, therefore, was for the petitioner. The court stated:

"All that was required of the plaintiffs was that their net income be computed in accordance with a method of accounting regularly employed in keeping their books and that such method clearly reflect their income." Referring to section 41 of the Revenue Act of 1936, providing for a computation of net income in accordance with the taxpayer's method of accounting, and to section 43, providing that deductions and credits shall be taken for the year in which paid or accrued, dependent upon the method of accounting upon the basis of which net income is computed, the court concludes as follows:

The plain meaning of these sections is that the net income for tax purposes shall be computed in accordance with a system of accounting, which the taxpayer regularly maintains and carries out, and that it reflect clearly the net income which was intended to be reached by the tax.

It can not be doubted that the Court of Claims applied the concept of taxes being treated in accordance with the system of accounting used, in computing the tax upon personal holding companies, which is here involved.

The same is true, in our view, of *Rodney, Inc.* v. *Hoey*, 53 Fed. Supp. 604. Therein Rodney, a domestic personal holding company, was a stockholder of Gladstone, a foreign personal holding company. For 1937, the taxable year involved, Gladstone had net income of $43,143.04, but it neither declared nor paid any dividends to Rodney during that year. However, section 337 of the Revenue Act of 1936, as added by section 201 of the Revenue Act of 1937, provided that Rodney, the domestic company, should include in its gross income the $43,143.04, even though not received from Gladstone. Rodney was on a cash basis, but the court, "bearing in mind that the income itself was not actually, but only constructively, received in 1937," [by Rodney] concluded that in order clearly to reflect Rodney's income "Rodney should for present purposes be deemed to be on an accrual basis and be allowed a deduction for the amount of the liability for this tax which arose in 1937 in computing its personal holding company surtax." Thus it appears that though, considering the particular relation between domestic and foreign companies and constructive receipt because of section 337, the court did allow a cash basis personal holding company to deduct Federal income taxes not actually paid in the taxable year, this was accomplished only by recognizing the contention in this case made by the respondent that only an accrual basis personal holding company can deduct taxes accrued but unpaid, and considering that "Rodney should for present purposes be deemed to be on an accrual basis." The facts in the instant case are not such as to call for the same assumption, and it is not so argued.

In *Merrimac Trading Co.* v. *Commissioner*, 162 Fed. (2d) 637, the Circuit Court of Appeals for the Third Circuit, "for the reason stated

in the Supplemental Opinion," affirmed, without discussion, a memorandum opinion of this Court wherein we held that the taxpayer, a personal holding company, on an accrual basis, is not permitted to deduct amounts paid, in a subsequent year, upon indebtedness, though if accrued such amounts would have been deductible. We pointed out that section 508 of the Internal Revenue Code applies to a personal holding company the provisions of chapter 1, and that chapter 1 requires that deductions and credits be taken dependent upon the method of accounting on the basis of which net income is computed; and we relied upon administrative construction followed by statutory reenactment of the statute.

(3) For another reason we must hold that a cash basis personal holding company may not deduct merely accrued but unpaid Federal income taxes in computing subchapter A net income: The Treasury has consistently allowed a cash basis personal holding company to deduct the taxes actually paid. We have here involved the year ended May 31, 1946. A Treasury regulation, that is, an executive interpretation of the statute followed by reenactment of such statute, is presumed to have been approved by Congress. *McCaughn* v. *Hershey Chocolate Co.*, 283 U. S. 488; *Brewster* v. *Gage*, 280 U. S. 327; *Helvering* v. *Reynolds Tobacco Co.*, 306 U. S. 110; *Reinecke* v. *Smith*, 289 U. S. 172. *Massachusetts Mutual Life Ins. Co.* v. *United States*, 288 U. S. 269, followed the principle in connection with deduction under section 245 (8) of the Revenue Act of 1926, of "interest paid or accrued" by life insurance companies which made their returns on the cash basis, and held that interest accrued on dividends held for policyholders, but unpaid, was not deductible. The Treasury had interpreted the statute and had required taxpayers to report on the cash or accrual basis, depending on their accounting systems, and the statute had been reenacted. Regulations 102, section 406-2, construing the Revenue Act of 1938 with reference to the personal holding company surtax, states an example of a personal holding company on the cash receipts and disbursements basis for the year 1938 with net income of $190,000 and Federal income tax of $17,500 for the year 1937, paid March 15, 1938. The surtax is there computed by deducting from the $190,000 the $17,500 Federal income taxes (*inter alia*). Regulations 103, section 19.505-2, and Regulations 111, section 29.505-2, state, in illustrating the method of computation of subchapter A net income (for the years 1939 and 1942, respectively), essentially the same as Regulations 102, section 406-2. In short, each provides that the cash basis personal holding company deducts taxes actually paid in the taxable year.

Since the Revenue Act of 1938 and promulgation of Regulations 102 construing same, the Internal Revenue Code was enacted in 1939

and has since that time been variously amended by revenue acts, without change as to the subject matter in which we are here interested. It follows that Congress must be presumed to have approved these regulations as executive construction of the words "taxes paid or accrued during the taxable year" in section 505 (a) (1) of the Internal Revenue Code and the same language in the earlier acts back to 1934. We are unable to discern any sufficient reason, in the intent or purpose of the personal holding company law or tax, to decline to follow such Congressional approval and the statutory requirement as to definition of "paid or accrued." The concept that the personal holding company law as a whole contemplates application of the penalty tax to the income transactions of a single year does not, in our view, require such refusal to follow the statute, and Congressional approval of the regulation; for those regulations in themselves recognize the annual basis of income transactions. They simply consider, and in line with an accrual-basis of tax accounting, that a cash basis taxpayer shall have deduction only of taxes actually paid in the taxable year. Moreover, the penalty tax is, under the conclusion we reach, applied to the income transactions of a single year, on the basis of accounting practiced, for it covers and permits deduction of all taxes paid, or accrued on the books of the taxpayer, during the year. The taxpayer here knowingly and intentionally did not accrue these taxes, for it preferred the cash basis. It actually accumulated the amount thereof. Nor can we consider the possibility that petitioner might cease to be a personal holding company as sufficient reason to disregard the long standing principle of taxation on an annual basis, for, though such a change from the personal holding company status might conceivably cause the loss of benefit of the deduction of Federal income taxes, that circumstance is no more weighty than would be the failure of an accrual basis taxpayer to get the benefit of his accrual of some expense or deduction because in that year he had no income sufficient to give him tax benefit, whereas the next year, the year of actual payment of the expense or, for example, taxes, he had sufficient income to absorb it. Such accidents have not been considered sufficient to outweigh the necessity for annual basis of taxation, according to the accounting methods employed. We find no cause to deviate from this idea in the case of a personal holding company merely because its status might change, thus affecting its deductions for taxes, so far as here involved.

We note that *Fawcus Machine Co.* v. *United States*, 282 U. S. 375, and *United States* v. *Anderson*, 269 U. S. 422, cited in the *Clarion* case to support the thought that taxes are accrued in the year when the liability therefor becomes fixed, were both cases where the taxpayer was upon the accrual basis. The *Anderson* case involved sections of

the Revenue Act of 1916, in which we can find no provision such as section 48 (c) of the Internal Revenue Code.

*Alker* v. *United States*, 47 Fed. (2d) 229, involved interpretation of "accrue" with respect to estate tax, and the interpretation was broad; but the title involved (Title XIV, Revenue Act of 1921) contained no requirement that the word be interpreted in accord with taxpayer's accounting methods. Subchapter A of the code, here being interpreted, having specifically required definition according to accounting method, the *Alker* case is clearly to be distinguished. The question there was whether "accrued" meant "due and payable." There was no prohibition, whatever, against the court adopting a broad definition of "accrued," to prevent complete escape from estate tax. There is a positive prohibition here, in that the definition is prescribed by the statute and the court is not free to interpret the term free from any statutory definition.

We hold that the Commissioner did not err in denying to the petitioner deduction of income tax accrued but not paid, in the computation of its subchapter A net income for the fiscal year ended May 31, 1946.

Because of other adjustments in the deficiency notice, not specified as error in the petition,

*Decision will be entered under Rule 50.*

Reviewed by the Court.

---

ARUNDELL, *J.*, dissenting: For the reasons set forth by the United States Court of Appeals for the District of Columbia in *Commissioner* v. *Clarion Oil Co.*, 148 Fed. (2d) 671, and reiterated by the Court of Appeals for the Second Circuit in *Aramo-Stiftung* v. *Commissioner*, 172 Fed. (2) 896, I think the petitioner should prevail.