## LOETSCHER CO. v. BIRMINGHAM, Collector of Internal Revenue.

### Civ. A. No. 497.

United States District Court
N. D. Iowa, E. D.

June 26, 1950.

Judgment Affirmed April 11, 1951.

See 188 F.2d 78.

E. Marshall Thomas, Dubuque, Iowa, for the plaintiff.

Wm. B. Danforth, Asst. U. S. Atty., Sioux City, Iowa, Ruppert Bingham, Sp. Asst. to the Atty. Gen., for the defendant.

GRAVEN, District Judge.

On June 21, 1950, the parties presented their evidence and arguments of counsel were made and the case submitted to the Court. Now, to-wit, on this 26th day of June, 1950, the Court makes and enters the following Findings of Fact, Conclusions of Law and Order for Judgment.

### Findings of Fact

1. The plaintiff is a corporation duly organized and existing under the laws of the State of Iowa with its office and principal place of business at Dubuque in Dubuque County, Iowa.

2. The defendant Collector is, and at all times pertinent to the matters involved in this action has been, the United States Collector of Internal Revenue for the State of Iowa with residence at Sioux City in the Northern District of Iowa.

3. The plaintiff is a personal holding company as defined in Section 501 of the Internal Revenue Code, 26 U.S.C.A. § 501.

4. The plaintiff reports on the calendar year basis.

5. For the calendar year 1944 the plaintiff filed its corporation income and declared value excess profits tax return on a cash receipts and disbursement basis.

6. For the calendar year 1946 the plaintiff filed its corporation income tax return on the cash receipts and disbursements basis.

7. The plantiff paid federal income taxes in the calendar year 1944 in the amount of $1,010.89 in discharge of plaintiff's 1943 federal income tax liability. In the calendar year 1944 the plaintiff accrued federal income taxes in the amount of $1,026.23 and also accrued state income taxes in the amount of $572.95.

8. In its personal holding company tax return for the calendar year 1944 the plaintiff claimed deductions in the total amount of $2,610.07 in computing its Subchapter A net income for that year.

9. Plaintiff's net income for the calendar year 1944 was in the amount of $53,876.46.

10. In the calendar year 1944 the plaintiff paid dividends in the amount of $51,518.60.

11. For the calendar year 1944 the Commissioner of Internal Revenue recognized and allowed deductions in the amount of $1,010.89 taken by the plaintiff in computing its Subchapter A net income and disallowed the other deductions taken by the plaintiff in the amount of $1,599.18.

12. In the calendar year 1946 the plaintiff paid federal income taxes in the amount of $2,066.27 in discharge of plaintiff's 1945 federal income tax liability. In the calendar year 1946 the plaintiff accrued federal income taxes in the amount of $497.32 and also accrued state income taxes in the amount of $896.74.

13. In its personal holding company tax return for the calendar year 1946 the plaintiff claimed deductions in the total amount of $3,460.33 in computing its Subchapter A net income for that year.

14. Plaintiff's net income for the calendar year 1946 was in the amount of $80,522.65.

15. The plaintiff paid dividends in the amount of $78,104 in the calendar year 1946.

16. For the calendar year 1946 the Commissioner of Internal Revenue recognized and allowed deductions in the amount of $2,066.27 taken by the plaintiff in computing its Subchapter A net income and disallowed the other deductions taken by the plaintiff in the amount of $1,394.06.

17. On June 15, 1949, the Commissioner of Internal Revenue assessed deficiency personal holding company surtaxes against the plaintiff in the amount of $1,010.23 for the calendar year 1944 and in the amount of $264.29 for the calendar year 1946.

18. On June 27, 1949, plaintiff paid the defendant Collector the claimed deficiency for the year 1944 in the amount of $1,010.23 plus interest thereon in the amount of $263.11. On the same date the plaintiff also paid the defendant Collector the claimed deficiency for the year 1946 in the amount of $264.29 plus interest thereon in the amount of $36.76.

19. On August 5, 1949, the plaintiff filed with the defendant Collector claims for refund of $769.67 personal holding company surtax and $205.03 interest paid on said tax assessed for the calendar year 1944 and for $264.29 personal holding company surtax and $36.76 interest paid on said tax assessed for the calendar year 1946.

20. On or about November 12, 1949, the plaintiff received notice by United States registered mail from E. I. McLarney, Deputy Commissioner of Internal Revenue, of the disallowance in full of its claims for refund of personal holding company surtaxes and interest for both the calendar year 1944 and the calendar year 1946.

894

21. On March 3d, 1950, the plaintiff brought this action to recover personal holding company surtaxes and interest in the amount of $947.70 for the calendar year 1944 and personal holding company surtaxes and interest in the amount of $301.05 for the calendar year 1946.

## Conclusions of Law

1. That this Court has jurisdiction of the parties to this action and the subject matter of this action under Section 1346 of the Revised Judicial Code, 28 U.S. C.A. § 1346.

2. That the plaintiff was entitled to deduct from its net income federal income taxes paid or accrued in the calendar year 1944 and federal income taxes paid or accrued in the calendar year 1946 in computing its Subchapter A net income for those respective years upon the authority of: Commissioner of Internal Revenue v. Clarion Oil Co., 1943, 1 T.C. 751, reversed, 1945, 80 U.S.App. D.C. 41, 148 F.2d 671, certiorari denied, 1945, 325 U.S. 881, 65 S.Ct. 1575, 1580, 89 L.Ed. 1997; Aramo-Stiftung v. Commissioner of Internal Revenue, 1947, 9 T.C. 947, modified and as modified affirmed, 2 Cir., 1949, 172 F.2d 896; Joan Carol Corp. v. Commissioner of Internal Revenue, 13 T. C. 83, reversed, 2 Cir., 1950, 180 F.2d 751; Reliance Feed & Grain Co. v. Shaughnessey, D.C. N.D. N.Y. 1949, 84 F.Supp. 389.

3. That the defendant Collector illegally and erroneously assessed and collected from the plaintiff personal holding company surtaxes and interest thereon in the amount of $947.70 for the calendar year 1944.

4. That the defendant Collector illegally and erroneously assessed and collected from the plaintiff personal holding company surtaxes and interest thereon in the amount of $301.05 for the calendar year 1946.

## Order for Judgment

It is hereby ordered that judgment shall be entered: Rendering judgment in favor of the plaintiff and against the defendant in the amount of $1,248.75, together with interest and costs as provided by law.