**BIRMINGHAM et al. v. LOETSCHER CO.**

No. 14222.

United States Court of Appeals
Eighth Circuit.

April 11, 1951.

Homer R. Miller, Special Asst. to the Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson and Francis W. Sams, Special Asst. to the Atty. Gen., Tobias E. Diamond, U. S. Atty., and William B. Danforth, Asst. U. S. Atty., Sioux City, Iowa, on the brief), for appellants.

E. Marshall Thomas, Dubuque, Iowa (Francis J. O'Connor, Dubuque, Iowa, on the brief), for appellee.

Before GARDNER, Chief Judge, and THOMAS and RIDDICK, Circuit Judges.

GARDNER, Chief Judge.

This appeal is from a judgment against the Collector of Internal Revenue for the State of Iowa for a refund of certain taxes paid by the taxpayer under protest for the calendar years 1944 and 1946.

During the taxable years in question appellee was a personal holding company within the meaning of Section 501 of the Internal Revenue Code, 26 U.S.C.A. § 501. It filed its income, declared value, excess profits tax and personal holding company surtax returns on a cash and calendar year basis. In computing its Subchapter A net income for personal holding company surtax purposes it claimed in its return deduction for federal income tax liability incurred for the year 1944 but not paid in that year, and in the taxable year 1946, in computing its income, it likewise claimed deduction for federal income tax liability incurred for the year 1946 but not paid in that year. The Commissioner disallowed these deductions and on June 15, 1949, assessed deficiencies against taxpayer for the year 1944 in the sum of $1010.23, and for the year 1946 in the sum of $264.29. The taxpayer paid these asserted deficiencies on June 27, 1949, and on August 5, 1949, filed a claim for refund which in due course was denied and this action followed.

There are two questions presented by this appeal: (1) whether a cash basis personal holding company may deduct, under Section 505(a) of the Internal Revenue Code, 26 U.S.C.A. § 505(a), federal income taxes incurred but not paid within the taxable year in computing its undistributed Subchapter A net income, and (2) whether such a company may deduct, under Section 505(a) of the Internal Revenue Code, 26 U.S.C.A. § 505(a), taxes paid but not accruing in the taxable year.

■ The trial court answered both of these questions in the affirmative. The answer to these questions must be found in the proper construction of Section 505 (a) (1), Title 26, U.S.C.A. This Act provides that undistributed income subject to penalty tax shall be the net income less "(1) Federal income, war-profits, and excess-profits taxes paid or accrued during the taxable year * * *." It is argued that as the taxpayer was on a cash basis it was not entitled to deduct taxes not paid in the taxable year even though they were accrued. This statute has particular reference to personal holding companies. The statute specifically provides for deductions of taxes, either paid or accrued. The liability for these taxes became fixed, and hence, we think they were accrued even though they were not yet due. The word "accrued" as used in this statute has no reference to the manner in which the taxpayer kept its books. The statute provides that taxes, whether paid or accrued, were a deductible item, and whether paid or accrued they did not represent accumulations of income which it was the manifest purpose of the Act to force the personal holding corporation to pay out in dividends to the individual taxpayer. Commissioner of Internal Revenue v. Clarion Oil Co., 80 U.S.App.D.C. 41, 148 F.2d 671; Aramo-Stiftung v. Commissioner of Internal Revenue, 2 Cir., 172 F.2d 896. In Commissioner of Internal Revenue v. Clarion Oil Co., supra, Chief Justice Groner, speaking for the Court of Appeals for the District of Columbia, answering an argument that income taxes were neither paid nor accrued in a taxable year because the taxpayer was upon a cash basis, among other things said:

"But we think this conclusion is a mistake of law. As we have seen, the Act permits deductions, for * * * taxes 'paid or accrued during the taxable year.' The taxable year in question is 1937, and admittedly the payment of the income tax was in 1938, but the statutory words are 'paid or accrued.' And we think there can be no manner of doubt that taxpayer's income tax for the taxable year 1937 'accrued' in that year. It seems to us to be beside the point to say, as the Tax Court thought, that the word 'accrued' in the circumstances we are considering must be construed in reference to the manner in which taxpayer keeps his accounts * * *." [148 F.2d 675.]

The doctrine of this case was followed by the Second Circuit in Aramo-Stiftung v. Commissioner, supra, where the court said: "As these income taxes were accrued during the year, they would appear to be deductible. But the Commissioner argues that 'paid or accrued' means that the taxes can be deducted only when 'paid' if the taxpayer, as here, uses the cash receipts accounting method, and deducted when 'accrued' only if it uses the accrual method. The Court of Appeals for the District of Columbia has rejected that argument, Commissioner [of Internal Revenue] v. Clarion Oil Company, 80 U.S. App.D.C. 41, 148 F.2d 671, and we agree with it." [172 F.2d 897.]

We are in entire accord with the doctrine of these cases.

It is next argued that even if the statute be construed to permit deduction for taxes accrued but not paid, it does not authorize deductions for federal income taxes "paid and accrued" within a taxable year. Whether the tax deduction is a paid tax or an accrued tax is, we think, entirely immaterial. If it comes within the description of either it is deductible. As said in the Clarion Oil Company case,

"In other words, having determined 'net income' in accordance with the accounting methods of the taxpayer, there is no need

to consider whether an ordinary income tax was 'paid' or whether it was 'accrued,' since in either event it was a deductible item and no longer represented accumulations of income, which it was the intent of this tax to force out of the 'incorporated pocketbook' and into the hands of individual taxpayers."

■ We think this statute specifically authorizes the tax deduction whether paid or accrued within the taxable years here in question.

The judgment appealed from is therefore affirmed.