## DE SOTO SECURITIES COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49930.    Filed October 31, 1955.

*William A. McSwain, Esq.*, for the petitioner.
*John L. Pedrick, Esq.*, for the respondent.

#### OPINION.

RAUM, *Judge:* Respondent has determined a deficiency in the personal holding company surtax of petitioner for its fiscal year ended June 30, 1950, in the amount of $16,964.29. In computing its subchapter A net income petitioner claimed and has been allowed a deduction for income taxes accrued in respect of its fiscal year ended June 30, 1950. The sole issue is whether in making such computation petitioner may also deduct amounts paid during the above taxable year in respect of income taxes owed on account of prior taxable years.

All of the facts have been stipulated and are so found.

Petitioner is a corporation organized under the laws of the State of Illinois, with principal address in Kenilworth, Illinois. It filed its corporation income tax and personal holding company returns for its fiscal year ended June 30, 1950, on the cash basis with the collector of internal revenue for the first district of Illinois.

Petitioner had filed its income tax returns on a calendar year basis for the calendar year 1948 and prior thereto. On March 31, 1949, permission was obtained from the Commissioner of Internal Revenue to change the taxable period to a fiscal year ending June 30. The

first income tax return filed in accordance with this change was for the period January 1, 1949, to June 30, 1949. Thereafter, all returns have been filed on the basis of a fiscal year ending June 30 of each year.

During its fiscal year ended June 30, 1950, petitioner was a personal holding company. Subchapter A net income for the fiscal period January 1, 1949, to June 30, 1949, after deduction of Federal income taxes paid during that period was $282,127.11. The Federal income taxes paid as aforesaid were as follows:

(a) First quarterly installment of income tax for the calendar year 1948_____ $16,786.33
(b) Second quarterly installment of income tax for the calendar year 1948_____ 16,786.33
(c) Income tax deficiency for the calendar year 1942_____ 3,128.09
(d) Income tax deficiency for the calendar year 1943_____ 463.79

Total _____ $37,164.54

As of June 30, 1950, petitioner accrued Federal income tax for the fiscal year ended June 30, 1950, in the amount of $37,098.55. That amount was deducted by petitioner in computing its subchapter A net income and the deduction so claimed was allowed by respondent. In addition thereto, petitioner paid during its fiscal year 1950 Federal income taxes in respect of prior taxable periods as follows:

(a) Income tax deficiency for the calendar years 1942 to 1945, inclusive _____ $821.17
(b) Income tax deficiency for the calendar year 1946_____ 1,638.57
(c) Third quarterly installment of income tax for the calendar year 1948_____ 16,786.33
(d) Final installment of income tax for the calendar year 1948_____ 16,786.32
(e) First half payment of income tax for the period January 1, 1949, to June 30, 1949_____ 8,985.22
(f) Final payment of income tax for the period January 1, 1949, to June 30, 1949_____ 8,985.22

Total _____ $54,002.83

Petitioner deducted the foregoing sum of $54,002.83 in computing subchapter A net income for its fiscal year 1950. Respondent has disallowed such deduction.

In computing its subchapter A net income in each of its taxable years 1942 to 1948, inclusive, petitioner deducted only Federal income taxes paid during each such year and did not accrue any Federal income tax liability during that period.

Petitioner's subchapter A net income for its fiscal year ended June 30, 1950, after deduction of Federal income taxes accrued but without deduction of Federal income taxes paid, was $618,752.51. During that fiscal year it paid $591,800 in taxable dividends excluding (a) dividends claimed in the preceding year under section 504 (c), and (b) deficiency dividends as defined in section 506 (c). The dividend

carryover in that year from the first and second preceding taxable years was $6,078.50. Petitioner's dividends paid credit amounted to $597,878.50.

Section 505 of the Internal Revenue Code of 1939 reads in part as follows:

For the purposes of this subchapter the term "Subchapter A Net Income" means the net income with the following adjustments:

(a) Additional Deductions.—There shall be allowed as deductions—

(1) Federal income, war-profits, and excess-profits taxes paid or accrued during the taxable year * * *

The controversy before us is whether petitioner may deduct under these provisions both the taxes accrued and the taxes paid by it during the fiscal year ended June 30, 1950, and this controversy turns upon the meaning to be accorded to the words "paid or accrued." In *M. W. Alworth*, 38 B. T. A. 656, we held that "paid or accrued" must be construed according to the method of accounting used by the taxpayer, and that a cash basis taxpayer could not deduct taxes accrued for the year in question which were in fact paid during the following year. We reiterated that conclusion in *Clarion Oil Co.*, 1 T. C. 751, 757–758, which, however, was explicitly disapproved by the Court of Appeals for the district of Columbia, *Commissioner* v. *Clarion Oil Co.*, 148 F. 2d 671, certiorari denied 325 U. S. 881. The Court of Appeals held that since the purpose of the statute was to impose a penalty tax upon undistributed net income of personal holding companies, the use of a particular accounting system in determining net income has no "relevancy to the subject matter of what, for the purposes of the newly added provision in relation to personal holding companies, is taxable as *undistributed* income." (Italics in original.) 148 F. 2d at p. 675. The fact that the taxpayer was on the cash basis of accounting was held irrelevant, and it was permitted to deduct the taxes imposed upon it with respect to the year involved, notwithstanding that they were not in fact paid until a subsequent year. At the same time, however, the Court of Appeals made it clear that the corporation could not deduct taxes paid during that year which had been imposed with respect to a previous year. The court said (148 F. 2d at p. 676) :

The scheme as a whole contemplates the application of the penalty tax solely to the income transactions of a single tax year, and it is income remaining after dividend disbursements and tax payments *for the taxable year* which is attacked by this surtax. Hence *taxes* paid for a *previous* year, just as net *income* from a previous year, have no proper place in the calculation. For these purposes it is a fair conclusion that income taxes are deemed to be paid out of income for the year for which they are levied. Accordingly, the allowance, as a deduction, of taxes amounting to $452 paid [in 1937] on *1936* income, as the Tax Court here found permissible, was wrong. * * * [Italics in original.]

In substance, the court held that since the personal holding company provisions impose a "penalty" tax on undistributed income for a given

year the purpose of the statute requires that the events relating to that year be isolated and considered apart from other years. Accordingly, in computing the deduction for taxes "paid or accrued," the particular accounting system employed is to be ignored, and the taxes to be deducted are those imposed with respect to the very year under consideration, whether or not they were paid during that year.

Subsequently, the Court of Appeals for the Second Circuit similarly held that a cash basis taxpayer could accrue its taxes for the year involved in determining its subchapter A net income for that year. *Aramo-Stiftung* v. *Commissioner*, 172 F. 2d 896. It based its decision upon that of the Court of Appeals for the District of Columbia in the *Clarion Oil* case. This Court nevertheless felt that it had been correct in its holding that the words "paid or accrued" had reference to the method of accounting employed by the taxpayer in determining the year of the deductibility of the taxes, and in *Joan Carol Corporation,* 13 T. C. 83, it refused to follow the decisions of the Courts of Appeals, setting forth in detail the reasons which impelled it to adhere to its original conclusions. However, the *Joan Carol* case was summarily reversed by the Court of Appeals for the Second Circuit, 180 F. 2d 751, and subsequently the Court of Appeals for the Eighth Circuit similarly permitted a cash basis taxpayer to deduct accrued taxes in computing its subchapter A net income. *Birmingham* v. *Loetscher*, 188 F. 2d 78. This Court thereafter reviewed the problem again, in *Wm. J. Lemp Brewing Co.*, 18 T. C. 586, 600–601, and decided to follow the Courts of Appeals. Although the language of our opinion in the *Lemp* case is perhaps susceptible of varying interpretations, it is clear that we were merely adopting the analysis of the Court of Appeals in the *Clarion Oil* case to the effect that the taxes imposed with respect to the income of the year involved are deductible in determining subchapter A net income regardless of the method of accounting employed and regardless of whether such taxes were in fact paid during that year.

To be sure, the Court of Appeals for the Eighth Circuit in *Birmingham* v. *Loetscher Co.* permitted deduction of taxes paid with respect to other years as well as taxes accrued for the year involved. However, that result appears to be in conflict with the theory, if not the holding, of the Court of Appeals in the *Clarion Oil* case.

If the words "paid or accrued" are not to be given their normal meaning based upon the method of accounting employed, as we originally held they should be, and if they are to be given a meaning based upon an analysis of the purpose of the statute, as set forth in detail by the Court of Appeals for the District of Columbia in the *Clarion Oil* case and subsequently approved by the Court of Appeals for the Second Circuit in the *Aramo-Stiftung* case, it is plain that the Court of Appeals for the Eighth Circuit was in error in *Birmingham* v.

*Loetscher Co.* in allowing deduction of taxes for years other than the ones before the court. Certainly, its decision cannot be squared with that of the Court of Appeals for the District of Columbia in this respect, which we think is correct (once it is determined to accept the basic holding that the method of accounting is irrelevant).

To allow deduction here not only for 1950 taxes but also for taxes with respect to prior years would in effect lay the foundation for double deduction of the same taxes, first in the year of accrual and second in the year of actual payment. It is no answer to say that no double deductions would result on the record before us, because, if petitioner is correct in its interpretation of the statute, such would inevitably follow in the typical case. We cannot assume that Congress intended any such extraordinary result.

The petitioner points to certain language difficulties that would follow if its position is not sustained. Thus, it argues that the word "paid" in "paid or accrued" would be deprived of any meaning unless it were allowed the deduction which it seeks. However, the difficulty is actually attributable to the decisions refusing to give the words "paid or accrued" their normal meaning which turns upon the accounting system employed, and by substituting a meaning said to be required by the purpose of the statute. Indeed, once it is decided not to give the pivotal words "paid or accrued" their normal meaning, any interpretation, whether that approved in the *Clarion* and *Aramo-Stiftung* cases, or the one urged by the petitioner, presents language difficulties. Thus, petitioner's interpretation would permit the deduction of taxes paid *and* accrued; yet the statute allows deduction only for taxes paid "or" accrued. Accordingly, if we are required to reject the normal meaning of the statutory language in favor of a legislative purpose, as held in the *Clarion* and *Aramo-Stiftung* cases, then we must apply the theory consistently.

The theory of the *Clarion* and *Aramo-Stiftung* cases, particularly as reflected in the excerpt quoted above, which we have adopted, requires that this issue be resolved against petitioner.

*Decision will be entered for the respondent.*