STAR PUBLISHING COMPANY, A CORPORATION, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49352.    Filed July 31, 1956.

*Harry Henke, Jr., Esq.*, for the petitioner.
*Gordon N. Cromwell, Esq.*, for the respondent.

OPINION.

WITHEY, *Judge:* Respondent determined a deficiency in the amount
of $1,812.42 in the personal holding company surtax liability of peti-
tioner for 1948.

The sole issue presented by the pleadings is the correctness of the
respondent's action in disallowing the inclusion by petitioner in the
computation of its dividends paid credit for 1948 of an item represent-
ing Federal income tax for 1945, paid in 1946, in the amount of
$3,625.47.

The facts have been stipulated and are so found as follows:

Petitioner is a corporation organized under the laws of the State
of Washington with its principal office in Seattle, Washington.

Petitioner filed its income tax return and personal holding company
return for 1948 with the collector of internal revenue for the district
of Washington. The returns were prepared on a cash basis.

During 1948 and all years here pertinent, petitioner was a personal
holding company within the purview of section 501 of the Internal
Revenue Code of 1939 and kept its books on a cash basis.

In 1946 petitioner showed a net loss in its operations in the amount
of $35.74. In addition to the foregoing loss, petitioner during that
year paid its income tax liability for 1945 in the amount of $3,625.47.
In the computation of its personal holding company subchapter A net
income for 1946, a total loss of $3,661.21 was shown, which petitioner
subsequently carried forward in computing its personal holding com-
pany surtax liability for succeeding years. The petitioner's sub-
chapter A net income for 1947 was $1,112.02, which was more than
offset by the dividends paid credit computed by petitioner and carried
forward from prior years.

Petitioner's net income, income tax paid for the prior year, sub-
chapter A net income, dividends paid, and excess of dividends over

subchapter A net income, for the years 1945 to 1948, inclusive, were as follows:

| Year | Net income | Income tax paid for prior year | Subchapter A net income | Dividends paid | Excess |
|---|---|---|---|---|---|
| 1945 | $13,878.59 | $6,497.18 | $7,381.41 | $8,000 | $618.59 |
| 1946 | (35.74) | 3,625.47 | (3,661.21) | | |
| 1947 | 1,112.02 | | 1,112.02 | | |
| 1948 | 2,601.07 | 233.52 | 2,367.55 | | |

The following computation was made by petitioner in its personal holding company return for 1948:

| | |
|---|---|
| Net income | $2,601.07 |
| Less: Federal income tax paid in 1948 | 233.52 |
| Subchapter A net income | $2,367.55 |
| Less: Dividends paid credit | 3,132.04 |
| Undistributed subchapter A net income | ($764.49) |

Thus, petitioner reported no personal holding company surtax liability for 1948.

As we understand petitioner's contention, the foregoing dividends paid credit in the amount of $3,132.04 was computed as follows:

| | |
|---|---|
| Excess of 1945 dividends paid over 1945 subchapter A net income | $618.59 |
| Income taxes for 1945, paid in 1946 | 3,625.47 |
| | $4,244.06 |
| Less 1947 income | 1,112.02 |
| Dividends paid credit claimed in 1948 | $3,132.04 |

Respondent's objection to the foregoing computation relates solely to the inclusion by petitioner of Federal income tax in the amount of $3,625.47 in computing the dividends paid credit claimed for 1948. Respondent contends that there is no statutory basis for including Federal income taxes in the computation of the dividends paid credit.

Petitioner maintains that Federal income taxes may properly be included in the computation of the dividends paid credit as a part of its net operating loss carried forward from 1946, pursuant to section 26 (c) of the 1939 Code.

Section 504 (a)[1] of the 1939 Code provides that in the determination of the undistributed subchapter A net income subject to personal holding company surtax, the subchapter A net income shall first be reduced by the amount of the dividends paid credit provided in

---

[1] SEC. 504. UNDISTRIBUTED SUBCHAPTER A NET INCOME.

For the purposes of this subchapter the term "undistributed subchapter A net income" means the subchapter A net income (as defined in section 505) minus—

(a) The amount of the dividends paid credit provided in section 27 (a) without the benefit of paragraphs (3) and (4) thereof * * *

section 27 (a) (1) and (2). Section 27 (a) (1) and (2) [2] defines the dividends paid credit available to a personal holding company as the sum of (1) the basic surtax credit, computed as provided in section 27 (b), and (2) the dividend carryover to the taxable year, computed under section 27 (c).

One of the constituent elements of the basic surtax credit,[3] and the only element here material, is the net operating loss credit provided in section 26 (c). Petitioner experienced a net loss from its operations in 1946 in the amount of $35.74 and paid Federal income tax in that year for the taxable year 1945 in the amount of $3,625.47. Petitioner argues that its net operating loss for 1946 must be regarded as the amount by which its expenses for the year, including Federal income tax, exceed its gross income.

Section 26 (c) of the 1939 Code, however, contains its own definition of a net operating loss:

(2) DEFINITION.—As used in this section the term "net operating loss" means the excess of the *deductions allowed by this chapter* over the gross income, with the following exceptions and limitations—[Emphasis added.]

The deductions "allowed by this chapter" (ch. 1, 1939 Code) are enumerated in section 23 of which subsection (c) (1) [4] *specifically excludes* Federal income taxes as a deduction from gross income. The provisions of the 1939 Code relating to the item here in issue could hardly be more explicit. It is a firmly established principle of taxation that all deductions are matters of legislative grace and must be based on a clear showing of statutory authorization. *New Colonial Co.* v. *Helvering*, 292 U. S. 435; *White* v. *United States*, 305 U. S. 281; *Deputy* v. *Du Pont*, 308 U. S. 488. In view of the express congressional disallowance of Federal income taxes as deductions from gross income and the consequent exclusion of such taxes from the expense items comprising the net operating loss, we cannot sustain the petitioner's action in including Federal income taxes paid during 1946 in the computation of its dividends paid credit and in carrying the credit so computed forward to 1948.

---

[2] SEC. 27. CORPORATION DIVIDENDS PAID CREDIT.
  (a) DEFINITION IN GENERAL.—As used in this chapter with respect to any taxable year the term "dividends paid credit" means the sum of:
    (1) The basic surtax credit for such year, computed as provided in subsection (b);
    (2) The dividend carry-over to such year, computed as provided in subsection (c);
[3] SEC. 27. CORPORATION DIVIDENDS PAID CREDIT.
  (b) BASIC SURTAX CREDIT.—As used in this chapter the term "basic surtax credit" means the sum of:
    (1) The dividends paid during the taxable year, increased by the consent dividends credit provided in section 28 * * *
    (2) The net operating loss credit provided in section 26 (c) (1);
[4] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
  In computing net income there shall be allowed as deductions:
    *     *     *     *     *     *     *
  (c) TAXES GENERALLY.—
    (1) ALLOWANCE IN GENERAL.—Taxes paid or accrued within the taxable year, except—
      (A) Federal income taxes;

Our decision in *De Soto Securities Co.*, 25 T. C. 175 (on appeal C. A. 7), suggests a further ground for sustaining the respondent's disallowance of the item included by petitioner in the computation of its dividends paid credit. The taxpayer there deducted from its net income the income taxes accrued for 1950, the year in issue, pursuant to section 505 (a) (1) of the 1939 Code which permits the deduction from net income of Federal income taxes paid or accrued, in computing subchapter A net income. In addition, the taxpayer claimed a deduction for the amount of income taxes *paid* during that year with respect to its income tax liability for 1949. Following our earlier decision in *Wm. J. Lemp Brewing Co.*, 18 T. C. 586, we held that the purpose of the personal holding company provisions requires that the events relating to a given year be isolated and considered apart from other years, and that in computing the deduction for income taxes paid or accrued, pursuant to section 505 (a) (1) of the 1939 Code, the method of accounting employed by the personal holding company is to be disregarded and only those taxes relating to the year under consideration are deductible, regardless of the year of payment. Accordingly, the taxpayer was permitted a deduction for the income taxes accrued during 1950, but the deduction claimed for income taxes paid during that year, but imposed for the taxable year 1949, was disallowed.

The petitioner here attempts to include as part of its net operating loss for 1946 the amount of its Federal income taxes paid during that year and to incorporate the amount of the net operating loss so computed into its dividends paid credit, carrying the unused portion of that credit forward to 1948. In accordance with our holding in *De Soto Securities Co.*, *supra*, we cannot permit petitioner by indirection to deduct in 1948 the income taxes paid by it for 1945.

We therefore hold that petitioner's net operating loss for 1946 amounts to $35.74, not $3,661.21, and that it is not entitled to include in the computation of its dividends paid credit for 1948 the amount paid in 1946 as its Federal income tax for 1945.

*Decision will be entered for the respondent.*