**DE SOTO SECURITIES COMPANY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 11687.**

United States Court of Appeals
Seventh Circuit.

Aug. 9, 1956.

**410**

William A. McSwain, Chicago, Ill., Percy B. Eckhart, James O. Silliman, Chicago, Ill., Eckhart, Klein, McSwain & Campbell, Chicago, Ill., of counsel, for petitioner.

Charles K. Rice, Asst. Atty. Gen., Davis W. Morton, Jr., Attorney, Tax Division, U. S. Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Attorneys, Department of Justice, Washington, D. C., for respondent.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Petitioner asks us to reverse a decision of the Tax Court which sustained respondent's determination of a deficiency of $16,964.29 in the personal holding company surtax of petitioner for the fiscal year ending June 30, 1950. The Tax Court's opinion [1] found all of the facts as the parties stipulated them.

During the fiscal year in question petitioner was a personal holding company. In addition to the federal income taxes accrued as of June 30, 1950,[2] petitioner paid out of net income during the fiscal year ending on that date federal income taxes amounting to $54,002.83, all of which accrued in prior years. Petitioner deducted said amount in computing subchapter A net income for the fiscal year in question. Respondent disallowed that deduction and this litigation followed.

In computing its subchapter A net income in each of the said prior years, petitioner deducted only federal income taxes *paid* during each such year and it did not deduct any federal income taxes accrued but not paid during said prior years.

For the fiscal year ending June 30, 1950 petitioner filed its corporation income tax and personal holding company returns on a cash basis.

The contested issue is whether taxpayer in computing its subchapter A [3] net income, may deduct, under § 505(a)(1) [4] of the Internal Revenue Code of 1939, federal income taxes paid during its fiscal year ended June 30, 1950 in satisfaction of its tax liabilities for prior taxable years.

1. Section 505 of the Internal Revenue act of 1939 reads in its pertinent parts as follows:

"For the purposes of this subchapter the term 'Subchapter A Net Income' means the net income with the following adjustments:

"(a) Additional deductions. There shall be allowed as deductions—

"(1) Federal income, war-profits, and excess-profits taxes *paid or accrued* during the taxable year to the extent not allowed as a deduction under section 23; but not including the tax imposed by section 102, section 500, or a section of a

1. 25 T.C. 175.

2. This amount was allowed as a deduction in the computation of petitioner's subchapter A net income, and no question

as to that deduction is involved in this case.

3. Ch. 2, subchapter A, 26 U.S.C.A. § 500 et seq.

4. 26 U.S.C.A. § 505.

prior income-tax law corresponding to either of such sections. * * *" (Emphasis supplied.)

█ Counsel show concern about real or seeming conflicts in several cases dealing with the foregoing statutory language. They are Clarion Oil Co. v. Commissioner, 1 T.C. 751; Commissioner of Internal Revenue v. Clarion Oil Co., 80 U.S.App.D.C. 41, 148 F.2d 671, certiorari denied 325 U.S. 881, 65 S.Ct. 1575, 89 L.Ed. 1997; Oak Commercial Corp. v. Commissioner (Aramo-Stiftung v. Commissioner), 9 T.C. 947; Aramo-Stiftung v. Commissioner of Internal Revenue, 2 Cir., 172 F.2d 896; Joan Carol Corp. v. Commissioner, 13 T.C. 83; Joan Carol Corporation v. Commissioner of Internal Revenue, 2 Cir., 180 F.2d 751; Loetscher Co. v. Birmingham, D.C., 95 F.Supp. 892, affirmed 8 Cir., 188 F.2d 78, and Wm. J. Lemp Brewing Co. v. Commissioner, 18 T.C. 586. Under these circumstances, we shall resort to basic principles of statutory construction, relying on the reasoning of the cited cases insofar as it aids us. We shall attempt to ascertain the intention of congress by considering all the words used in § 505(a) (1), as well as significant language in other parts of the act. Courts have no right, in the guise of construction of an act, to either add words to or eliminate words from the language used by congress. We may also consider pertinent legislative history pertaining to events both before and after the passage of the act being construed. We have no right to first determine the legislative intention and then proceed to change the words used in an attempt to justify the predetermined conclusion.

█ Section 505(a) (1) uses the words "paid or accrued". The Tax Court's decision has in effect construed the phrase "paid or accrued" so as to eliminate the word "paid". We will not excide "paid" or any other word which

congress placed in the act. We shall determine the intention of congress in conformity with the words it has used and not in the face of those words. The courts can only interpret congressional acts. They cannot legislate.

After the respondent was led by his reading of court decisions to the conclusion that the statutory language failed to correctly state the intention of congress, he should have called the attention of congress to the matter. In the meantime he was bound by what congress *said* and he had no right to substitute as the law what he thought congress *intended to say*.

█ The use of the words "paid or accrued" as found in § 505(a) (1) is not the only expression in the Revenue act of 1939 of the thought embodied in those words. The act makes frequent use of the terms "paid or accrued" and "paid or incurred". The only difference in meaning is that "accrued" relates to the incidence of a tax or interest obligation, while "incurred" relates to the incidence of any other obligation. In § 23 of subchapter B of chapter 1 of the act [5] allowable deductions for the purpose of computing net income are set forth. Specifically, in § 23(a) (1) (A), all ordinary and necessary expenses "paid or incurred" during the taxable year in carrying on any trade or business are mentioned; in § 23(a) (2), in the case of an individual, all such expenses "paid or incurred" during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income, are referred to; while in § 23(b), interest "paid or accrued" within the taxable year on indebtedness is referred to. Moreover, in § 23(c) (1) taxes "paid or accrued" within the taxable year, with certain exceptions, are mentioned.

The presence of both "paid or accrued" and "paid or incurred" is explained by § 41 [6] and § 48(c), [7] which

5. 26 U.S.C.A. § 23.

6. 26 U.S.C.A. § 41. "The net income shall be computed * * * in accordance with the method of accounting regularly em-

ployed in keeping the books of such taxpayer; * * *."

7. 26 U.S.C.A. § 48(c). "The terms 'paid or incurred' and 'paid or accrued' shall

permit the taxpayer to compute its income in accordance with the methods of accounting regularly employed by it in keeping its books. Thus, it generally has a right to keep its books upon either a cash basis or an accrual basis, and it may make its return of net income under whichever method it has adopted.

The above cited provisions of the act applicable in respect to taxes imposed by chapter 1, are, by Title 26 U.S.C.A. § 508, made applicable to the taxes imposed by subchapter A of chapter 2, dealing with personal holding companies. Sec. 508 reads:

"All provisions of law (including penalties) applicable in respect of the taxes imposed by chapter 1, shall insofar as not inconsistent with this subchapter, be applicable in respect of the tax imposed by this subchapter, except that the provisions of section 131 shall not be applicable."

While § 131 is not pertinent to this case, the use in that section of the words "paid or accrued" with reference to taxes paid to foreign countries and possessions of the United States, evidences the uniformity characterizing the repeated use by congress of those words.

■ The effect of these 1939 statutory provisions is that a personal holding company is permitted to make returns on the basis of the method of accounting which it employs. If it uses the cash receipts basis, as did the taxpayer in this case, its allowable deductions include taxes paid within the taxable year for which the return is made, regardless of when the taxes then paid accrued.

■ While § 508 by its terms eliminates from its scope any provisions of law applicable in respect of taxes imposed by chapter 1 inconsistent with subchapter A of chapter 2, no inconsist-

ency exists between §§ 41 and 48(c) and § 505(a) (1). This conclusion is strengthened by the position taken by congress itself in enacting the Internal Revenue Code of 1954. While in so doing,[8] congress eliminated the words "paid or" from the act, and in effect eliminated the right to deduct taxes paid during the taxable year but before then accrued, it went further and provided in said act:

"A taxpayer which, for each taxable year in which it was subject to the tax imposed by section 500 of the Internal Revenue Code of 1939, deducted Federal income and excess profits taxes *when paid* for the purpose of computing subchapter A net income under such Code, shall deduct taxes under this paragraph *when paid*, unless the taxpayer elects, in its return for a taxable year ending after June 30, 1954, to deduct the taxes described in this paragraph *when accrued*. Such an election shall be irrevocable and shall apply to the taxable year for which the election is made and to all subsequent taxable years." (Emphasis supplied.)

In other words, until such a taxpayer elects to do otherwise, it may continue to follow the course theretofore pursued by it and figure its deduction in computing its subchapter A income on the basis of federal taxes paid during the taxable year. In granting this right of election congress clearly indicated that there is no inconsistency between such a method of computing deductions, based on Title 26 U.S.C.A. §§ 41 and 48(c), and the provisions of subchapter A. Thus congress itself in enacting the 1954 Revenue Code recognized the consistency of personal holding companies utilizing as a deduction payments of taxes during a taxable year, regardless of when those taxes accrued.[9]

be construed according to the method of accounting upon the basis of which the net income is computed under this Part."

8. 26 U.S.C.A. § 545(b) (1).

9. The Senate Finance Committee Report

accompanying the 1954 Code stated in this connection, S.Rep. No. 1622, 83d Cong., 2d Sess., pp. 74–75, 320, 3 U.S.C. Cong. & Adm.News, 1954, pp. 4621, 4706–4707, 4960:

Accordingly, the decision of the Tax Court is reversed.

Judge FINNEGAN concurs in this result.

"In the computation of undistributed income subject to the personal holding company tax, the deduction for taxes has been clarified by the House and your committee to provide that taxes are to be deducted when accrued. Under existing law there has been considerable confusion as to whether taxes may be deducted in the year paid or in the year accrued. Both versions of the bill permit taxpayers who have been deducting taxes when paid to *continue to do so* but such taxpayers may, if they so desire, make an irrevocable election at any time to change to the accrual method.

\* \* \* \* \*

"In allowing a deduction only for taxes accrued, the committee recognizes that some corporations on the cash basis have *consistently* deducted, in returns filed for prior taxable years, only those taxes which have been paid during such years. *Such corporations may continue to so deduct only the taxes paid during the taxable year.* However, such a corporation may deduct only the taxes accrued during the taxable year if it so elects on its return filed for such year. An election once made in a return is irrevocable for such year and the accrual method of deducting taxes applies to all subsequent taxable years." (Emphasis supplied.)