## M. W. Alworth, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 91345. Promulgated September 29, 1938.

*Frank W. Wilson, C. P. A.*, for the petitioner.
*Albert E. Arent, Esq.*, for the respondent.

### OPINION.

Opper: Petitioner, the sole stockholder of two corporations which are concededly personal holding companies within the meaning of section 351 of the Revenue Act of 1934,[1] in order to obtain for these corporations the benefit of the remission of tax provided by subdivision (d) of that section, returned as his income what purported to be the entire "adjusted net income" of the respective corporations for the year 1934. The dispute here is whether in fact he did so, the item giving rise to that dispute being the amount of Federal income and excess profits tax due from the corporations for the year 1934 and

---

[1] SEC. 351. SURTAX ON PERSONAL HOLDING COMPANIES.

(a) IMPOSITION OF TAX.—There shall be levied, collected, and paid, for each taxable year, upon the undistributed adjusted net income of every personal holding company a surtax equal to the sum of the following:

    (1) 30 per centum of the amount thereof not in excess of $100,000;
plus
    (2) 40 per centum of the amount thereof in excess of $100,000.

(b) DEFINITIONS.—As used in this title—

    (1) The term "personal holding company" means any corporation (other than a corporation exempt from taxation under section 101, and other than a bank or trust company incorporated under the laws of the United States or of any State or Territory, a substantial part of whose business is the receipt of deposits, and other than a life-insurance company or surety company) if—(A) at least 80 per centum of its gross income for the taxable year is derived from royalties, dividends, interest, annuities, and (except in the case of regular dealers in stock or securities) gains from the sale of stock or securities, and (B) at any time during the last half of the taxable year more than 50 per centum in value of its outstanding stock is owned, directly or indirectly, by or for not more than five individuals. For the purpose of determining the ownership of stock in a personal holding company—(C) stock owned, directly or indirectly, by a corporation, partnership, estate, or trust shall be considered as being owned proportionately by its shareholders, partners, or beneficiaries; (D) an individual shall be considered as owning, to the exclusion of any other individual, the stock owned, directly or indirectly, by his family, and this rule shall be applied in such manner as to produce the smallest possible number of individuals owning, directly or indirectly, more than 50 per centum in value of the outstanding stock; and (E) the family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants.

    (2) The term "undistributed adjusted net income" means the adjusted net income minus the sum of:

        (A) 20 per centum of the excess of the adjusted net income over the amount of dividends received from personal holding companies which are allowable as a deduction for the purposes of the tax imposed by section 13 or 204;

paid in 1935. That is the only issue, the sole error alleged in the petition being respondent's "Failure to recognize in computing the undistributed adjusted net income under Section 351 (b) (2) of the Revenue Act of 1934 of * * * both personal holding companies * * * the federal income taxes for the year 1934 * * *." The parties have stipulated that "The only issue in this case is the determination of 'adjusted net income' as defined in Section 351" and that "if the Board should sustain the determination of the respondent, there is a deficiency in income tax of $668.53 to be paid by petitioner, plus interest thereon as provided by law."

Respondent contends that the corporations, being on the cash basis, may not deduct from their net income the amount of Federal taxes paid in the following year. This contention seems to us to be sustained by the plain language of the statute. Subsection (b) (4) of section 351 provides "The terms used in this section shall have the same meaning as when used in Title I." Section 48 of Title I provides "(c) * * * The terms * * * 'paid or accrued' shall be construed according to the method of accounting upon the basis of which the net income is computed under this Part." For the purposes of section 351 the "adjusted net income" of the corporation, which petitioner must treat as his to conform with the provisions of subdivision (d), is defined to mean the net income minus Federal income, war profits and excess profits taxes "paid or accrued." Applying to this term the definition contained in section 48, it is evident

----

(B) Amounts used or set aside to retire indebtedness incurred prior to January 1, 1934, if such amounts are reasonable with reference to the size and terms of such indebtedness; and

(C) Dividends paid during the taxable year.

(3) The term "adjusted net income" means the net income computed without the allowance of the dividend deduction otherwise allowable, but minus the sum of:

(A) Federal income, war-profits, and excess-profits taxes paid to accrued, but not including the tax imposed by this section;

(B) Contributions or gifts, not otherwise allowed as a deduction, to or for the use of donees described in section 23 (o) for the purposes therein specified; and

(C) Losses from sales or exchanges of capital assets which are disallowed as a deduction by section 117 (d).

(4) The terms used in this section shall have the same meaning as when used in Title I.

(c) ADMINISTRATIVE PROVISIONS.—All provisions of law (including penalties) applicable in respect of the taxes imposed by Title I of this Act, shall insofar as not inconsistent with this section, be applicable in respect of the tax imposed by this section, except that the provisions of section 131 of that title shall not be applicable.

(d) PAYMENT OF SURTAX ON PRO RATA SHARES.—The tax imposed by this section shall not apply if all the shareholders of the corporation include (at the time of filing their returns) in their gross income their entire pro rata shares, whether distributed or not, of the "adjusted net income" of the corporation for such year. Any amount so included in the gross income of a shareholder shall be treated as a dividend received. Any subsequent distribution made by the corporation out of earnings or profits for such taxable year shall, if distributed to any shareholder who has so included in his gross income his pro rata share, be exempt from tax in the amount of the share so included.

(e) IMPROPER ACCUMULATION OF SURPLUS.—For surtax on corporations which accumulate surplus to avoid surtax on stockholders, see section 102.

that where a corporation computes its net income on the cash basis, as these corporations did, only taxes actually paid may be deducted in computing the adjusted net income. Respondent's determination is therefore sustained and the deficiency may be determined in accordance with the stipulation of the parties.

*Decision will be entered for the respondent.*

