MILLS, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54305. Filed January 8, 1957.

*Walter F. Gibbons, Esq.*, for the petitioner.
*James R. McGowan, Esq.*, for the respondent.

#### OPINION.

MULRONEY, *Judge:* Respondent determined a deficiency in personal holding company surtax for the taxable year 1949 against the petitioner in the amount of $43,172.81. All of the facts are stipulated. The only issue is whether petitioner, in the computation of its personal holding company tax liability for the year 1949, is entitled to a deduction under section 505 (a) of the Internal Revenue Code of 1939 of $49,823.24, paid in that year, which sum was the net deficiency in petitioner's excess profits taxes for the years 1944 and 1945.

Petitioner is a Maryland corporation with its principal place of business at Providence, Rhode Island, and it filed its income tax returns and personal holding company tax returns for the years 1948 and 1949 with the then collector of internal revenue for the district of Rhode Island.

In 1948 a revenue agent, after auditing petitioner's income and excess profits tax returns for the years 1944 and 1945, orally notified petitioner's representatives he proposed to disallow an unused excess profits credit carryover from 1943 to 1945 and to disallow certain bad debt deductions. Petitioner's representatives disagreed with the proposed adjustments and requested a conference with the revenue agent's superiors. As a result of this conference petitioner agreed to the assessment of additional taxes, as reflected in a revenue agent's report dated August 6, 1948, and in a Form 870 signed by the taxpayer and filed August 12, 1948. The revenue agent's report and Form 870 showed a deficiency of $92,649.24 in "excess profits tax" for 1945 which represented excess profits tax under subchapter E of chapter 2 of the Internal Revenue Code of 1939. In 1949 petitioner paid to the collector of internal revenue at Providence the sum of $49,823.24 representing the net deficiency for 1944 and 1945.

Petitioner was a personal holding company in 1948 and 1949 and on its 1949 personal holding company tax return petitioner, in arriving at its subchapter A net income, deducted from net income its Federal

income tax liability of $7,356.86 shown on its regular Federal income tax return for 1949 and also the $49,823.24. Respondent disallowed the deduction of $49,823.24, the notice of deficiency stating it "is not an allowable deduction within the meaning of section 505 (a) (1) of the Internal Revenue Code." Another adjustment was made which petitioner does not contest and it is agreed the only question is the correctness of the deduction of $49,823.24.

Section 505, Internal Revenue Code of 1939, provides:

SEC. 505. SUBCHAPTER A NET INCOME.

For the purposes of this subchapter the term "Subchapter A Net Income" means the net income with the following adjustments:

(a) ADDITIONAL DEDUCTIONS.—There shall be allowed as deductions—

(1) Federal income, war-profits, and excess-profits taxes paid or accrued during the taxable year to the extent not allowed as a deduction under section 23; but not including the tax imposed by section 102, section 500, or a section of a prior income-tax law corresponding to either of such sections.

Petitioner argues the tax deficiency was accrued and deductible in 1949 when it was paid or in 1948 when the disputed taxes became a fixed and final obligation by its filing Form 870. Apparently it does not matter to petitioner whether the 1945 deficiency is regarded as accruing in 1948 or in 1949, since it contends either holding would have the same effect on its 1949 personal holding company liability. The contention is that if the 1945 deficiency accrued in 1948, then petitioner would be entitled to a dividend paid carryover from 1948 in computing its 1949 personal holding company liability and that produces the same result as if the 1945 deficiency were deductible as a tax in 1949 under section 505 (a) (1). Respondent does not argue otherwise with respect to this latter contention.

Respondent contends on brief "that this deficiency is not deductible under section 505 (a) (1) in either 1948 or 1949 since an accrual basis taxpayer must take such deductions in the year of imposition. Accordingly this 1945 deficiency does not enter into the computation of petitioner's 1949 personal holding company liability, either as a tax deduction in 1949 or as a tax deduction in 1948 forming part of a dividends paid carry-over to 1949."

The entire determination of this case rests upon the meaning to be given to the words "paid or accrued" in the statute. Petitioner makes a forceful argument that the words are to be given their normal meaning based upon the method of accounting employed. The argument then is that petitioner, an accrual basis taxpayer, could accrue the disputed tax liability in the year when the dispute was resolved, under the doctrine of *Dixie Pine Products Co.* v. *Commissioner*, 320 U. S. 516, and *Security Flour Mills Co.* v. *Commissioner*, 321 U. S. 281. See also *Robert Reis & Co.*, 20 T. C. 294. The argument is sound if, and only if, the words "paid or accrued" in the statute have reference to the

method of accounting regularly employed by the taxpayer in keeping its books. That is what we early held in *M. W. Alworth*, 38 B. T. A. 656, and *Clarion Oil Co.*, 1 T. C. 751. But the *Clarion Oil Co.* case was reversed by the Court of Appeals for the District of Columbia in *Commissioner* v. *Clarion Oil Co.*, 148 F. 2d 671, certiorari denied 325 U. S. 881, and we decided to follow the latter case in *Wm. J. Lemp Brewing Co.*, 18 T. C. 586.

The rule of *Commissioner* v. *Clarion Oil Co.*, *supra*, to which we are committed, is that these words "paid or accrued" do not have reference to a particular accounting method employed by the taxpayer. We had held in our Opinion in the *Clarion Oil Co.* case, *supra*, that the cash basis taxpayer, in computing its 1937 personal holding company tax, could only deduct taxes paid in that year, being the sum of $452.53, the amount of its income tax for 1936. The Court of Appeals opinion held this was wrong, stating:

The scheme as a whole contemplates the application of the penalty tax solely to the income transactions of a single tax year, and it is income remaining after dividend disbursements and tax payments *for the taxable year* which is attacked by this surtax. Hence *taxes* paid for a *previous* year, just as net *income* from a previous year, have no proper place in the calculation. For these purposes it is a fair conclusion that income taxes are deemed to be paid out of income for the year for which they are levied. Accordingly the allowance, as a deduction, of taxes amounting to $452 paid on *1936* income, as the Tax Court here found permissible, was wrong. * * *

The opinion in the above case goes on to hold the cash basis taxpayer could accrue and take as a deduction the 1937 income taxes not paid until 1938.

By following *Commissioner* v. *Clarion Oil Co.*, we abandoned our earlier construction that "paid or accrued" had reference to the taxpayer's method of accounting and adopted the rule of that case, part of which was that a taxpayer could not deduct taxes paid during the year in question which had been imposed with respect to a previous year. The application of that rule here forecloses petitioner's argument. It is not a distinction that petitioner here is an accrual basis taxpayer and petitioner in *Commissioner* v. *Clarion Oil Co.* was a cash basis taxpayer. The rule of the case is that the taxpayer's method of accounting is immaterial; that the law imposes a "penalty" tax on undistributed income for a given year and the income transactions for that year are to be isolated, and therefore the taxes to be deducted are those imposed with respect to the very year under consideration.

We again followed *Commissioner* v. *Clarion Oil Co.* in *De Soto Securities Co.*, 25 T. C. 175, only to be reversed by the Court of Appeals for the Seventh Circuit in *De Soto Securities Co.* v. *Commissioner*, 235 F. 2d 409. The latter opinion is consistent with our early holdings before *Wm. J. Lemp Brewing Co.*, *supra*, to the effect that

"paid or accrued" means in accordance with the taxpayer's accounting method.

There has long been much conflict in the cases as to the meaning to be ascribed to the words "paid or accrued" in the statute. We refrain from again canvassing this conflict. It was done in our Opinion in *De Soto Securities Co.*, *supra*, and the conflict was noted and all of the cases cited in *De Soto Securities Co.* v. *Commissioner*, *supra*. Petitioner makes a strong argument for giving the words the normal meaning which turns upon the accounting system employed by the taxpayer. We see the argument as merely advocating our return to the rule we abandoned when we decided to follow *Commissioner* v. *Clarion Oil Co.*

We feel we must continue to follow the rule of *Commissioner* v. *Clarion Oil Co.*, *supra*, which requires the issue be resolved in favor of respondent.

*Decision will be entered under Rule 50.*